IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY H. HANEY and LAURA L.　)
HANEY, individually and as trustees　)
of IGW TRUST,　)
　)
Plaintiffs,　)
　)　　　　　　　　　05-1274-MLB
　)　Civil Action No. _____
v.　)
　)
EDWIN JOHNSON and　)
EDWARD JOHNSON, d/b/a　)
E&E HARVESTING and/or　)
JOHNSON HARVESTING;　)
and ANDRE VAN NIEKERK,　)
　)
Defendants.　)
_____　)

### COMPLAINT

COME NOW the plaintiffs, Gary H. Haney and Laura L. Haney, individually and as trustees of IGW Trust, dated November 30, 1992, by and through their attorney, Scott E. Sanders of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., and for their Complaint against the defendants, allege and state as follows:

### Parties

1.　Plaintiffs Gary H. Haney and Laura L. Haney are residents of Emmet County, Iowa.

2.　IGW Trust is a trust formed by plaintiffs Gary H. Haney and Laura L. Haney on November 30, 1992.  Plaintiffs Gary H. Haney and Laura L. Haney are the sole trustees of said trust.

3.　Defendant Edwin Johnson is a resident of Norton County, Kansas.

4.      Defendant Edward Johnson is a resident of Norton County, Kansas.

5.      Defendant Andre Van Nierkirk is a resident of Norton County, Kansas.

### Jurisdiction

6.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as the amount of the controversy exceeds $75,000.00 and the parties are citizens of different states.

7.      The Court has jurisdiction over the parties to this action.

8.      Venue is properly laid in this district.

### Factual Background

9.      On or about September 1, 2003, plaintiff Laura L. Haney was traveling northbound on Highway K-383 in Norton County, Kansas, driving a 1994 Toyota Land Cruiser owned by IGW Trust.  At all times relevant hereto, plaintiff Laura L. Haney had the headlights activated on said vehicle.

10.     Plaintiff Gary H. Haney, husband of plaintiff Laura L. Haney, was following plaintiff Laura L. Haney's vehicle in a white Dodge pickup truck.

11.     At the same time a 1993 Ford grain truck, owned by defendants Edwin Johnson and Edward Johnson, d/b/a E&E Harvesting and/or Johnson Harvesting, and operated by defendant Andre Van Niekerk, turned onto northbound K-383 from the east in front of plaintiff Laura L. Haney.

12.     After following the grain truck for a short period of time, plaintiff Laura L. Haney made the decision to try and pass the grain truck in a safe passing zone.

13.     Plaintiff Laura L. Haney pulled slightly into the southbound lane of K-383 to look for oncoming traffic.  Seeing that it was safe to pass, plaintiff Laura L. Haney

activated her left-hand turn signal, took the vehicle out of overdrive, increased her speed and pulled into the southbound lane and attempted to pass the grain truck in a safe passing zone.

14.     Suddenly, without warning, defendant Van Niekerk turned the front wheels of the grain truck into the southbound lane.

15.     Defendant Van Niekerk carelessly and recklessly slammed the grain truck into the passenger side of plaintiff Laura L. Haney's vehicle, ramming plaintiff Laura L. Haney's vehicle into the ditch.

16.     Defendant Van Niekerk's careless and reckless maneuver forced plaintiff Laura Haney's vehicle to tumble end-over-end into the ditch, where it eventually came to rest approximately 234 feet from the point of impact.

17.     At all times relevant hereto, defendant Van Niekerk was driving the grain truck while acting within the scope of his employment with defendants Edwin Johnson and Edward Johnson, d/b/a E&E Harvesting and/or Johnson Harvesting.

## Count I – Negligence

18.     Plaintiffs hereby incorporate by reference all of the allegations heretofore contained in paragraphs 1 through 16 above, as though the same were fully set forth herein, and for their cause of action further allege and state as follows.

19.     As a direct and proximate result of the negligent conduct of the defendants, plaintiff Laura L. Haney has suffered severe, disabling and permanent injuries, has undergone extensive medical treatment, has incurred substantial medical expenses, and may continue to undergo medical treatment and incur medical expenses in the future.

20.     Plaintiff Laura L. Haney has also been subjected to substantial pain, suffering and mental anguish, and will continue to suffer in the future, all as a result of the negligence of the defendants.

21.     As a direct and proximate result of the unlawful, negligent, careless and reckless conduct of the defendants, plaintiffs' vehicle was severely and substantially damaged and could not be restored to its former condition.

22.     As a direct and proximate result of the unlawful, negligent, careless and reckless conduct of the defendants, plaintiffs' significant personal property located in plaintiffs' vehicle was severely and substantially damaged and/or destroyed.

23.     As a result of defendants' negligence, Rosie, plaintiffs' trusted cat, was ejected from plaintiffs' vehicle.  Rosie died on September 1, 2003, on the roadway, as a result of the collision.

24.     As a result of the death of Rosie, plaintiffs have undergone mental anguish, suffering, bereavement, loss of companionship and comfort and have suffered other damages.

### Count II – Loss of Consortium

25.     Plaintiffs hereby incorporate by reference all of the allegations heretofore contained in paragraphs 1 through 23 above, as though the same were fully set forth herein, and for their cause of action further allege and state as follows.

26.     At all times relevant hereto, plaintiff Laura L. Haney has been married to plaintiff Gary H. Haney.

27.     Plaintiff Laura L. Haney has been restricted in her normal routine of caring for her husband because of injuries she suffered in this collision.  Further, plaintiff Laura

- 4 -

L. Haney is unable to participate in family activities because of the severe, disabling, and permanent injuries she has suffered as a result of the collision.

28.     As a direct and further result of the negligence of the defendants, plaintiff Laura L. Haney was, and is, unable to perform the services of a wife to her husband because of her injuries, and plaintiff Gary H. Haney has suffered the loss of her services to him, including the discharge of her domestic and household duties, and the loss and impairment her companionship, aid, assistance, comfort and society.

WHEREFORE, plaintiffs pray for judgment against defendants in an amount in excess of $75,000.00, for costs, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Scott E. Sanders
Bar No. 18744
McDonald, Tinker,
     Skaer, Quinn & Herrington, P.A.
300 West Douglas, Suite 500
Wichita, Kansas 67202-2909
Telephone:  (316) 263-5851
Fax:  (316) 263-4677
E-mail: ssanders@mtsqh.com
*Attorneys for Plaintiffs*

- 5 -